JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON ORTIZ, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-05052-AB-KK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CASE** |

## I.   INTRODUCTION

Pending before the Court is Defendants Walmart, Inc., Wal-Mart Associates, Inc., and Walmart Fulfillment Center's (collectively "Defendants" or "Walmart") Motion to Dismiss, or in the alternative, Motion to Stay Plaintiff Sharon Ortiz's ("Plaintiffs"[1]) Complaint. (Dkt. No. 13.)  The related case, *Chelsea Hamilton v. Wal-Mart Stores, Inc., et al.*, triggers the first-to-file rule as it was filed prior to the instant action and involves substantially similar issues and parties.  In considering the equities in this matter, the Court hereby **GRANTS** Defendants' Motion to Dismiss and

---

[1] Because Plaintiff Ortiz brings this action on behalf of herself and others similarly situated, this Order refers to the group collectively as "Plaintiffs."

1.

**ORDERS** this case **DISMISSED WITHOUT PREJUDICE**.

## II. BACKGROUND

On June 8, 2020, Defendants removed this case from Los Angeles Superior Court. (Dkt. No. 1.) The case was noticed as related to *Chelsea Hamilton v. Wal-Mart Stores, Inc., et al.*, Case No. 5:17-cv-01415-AB-KK ("*Hamilton*") as it also involved classwide wage and hour claims against Walmart that occurred at its Chino Fulfillment Center. (Dkt. No. 5.) On July 15, 2020, Defendants brought a motion to dismiss this case arguing that the first-to-file rule warranted dismissal because the cases were substantially similar and that Plaintiffs failed to state a claim upon which relief could be provided. (Dkt. No. 13 at 11-17.) Defendants also requested that in the alternative, the Court stay this case pending proceedings in *Hamilton*. (*Id.* at 18.) The Court heard oral arguments on August 25, 2020 and took the motion under submission. Because the Court finds that the first-to-file rule warrants dismissal, it does not address the legal merits of Plaintiffs' Complaint.

## III. FACTUAL BACKGROUND

This is the fifth class-action complaint filed against Defendants for alleged violations of California Labor Code that occurred at Walmart's Chino Fulfillment Center. The two cases relevant to this present motion are the current action, *Ortiz*, and *Hamilton*.

### A. The *Hamilton* Action

On June 8, 2017, Plaintiff Alyssa Hernandez ("Hernandez") filed the original action against Walmart in San Bernardino County Superior Court. (Case No. 5:17-cv-01485-AB-KK, Dkt. No. 1, Exh. A.) Hernandez brought a class action alleging wage and hour violations that occurred at the Chino Fulfillment Center. (*Id.*) On June 13, 2017, Plaintiff Chelsea Hamilton also filed a class action against Walmart in San Bernardino County Superior Court in which she alleged similar wage and hour violations at the Chino Fulfillment Center. (Case No. 5:17-cv-01415-AB-KK, Dkt. No. 1, Exh. A.) Walmart removed both cases to federal court where they were

assigned to this Court and consolidated (hereinafter referred to as "*Hamilton*"). (*Id.* at Dkt. Nos. 1, 5.) The consolidated action alleged the following causes of action: (1) Failure to pay wages for all hours worked; (2) Failure to pay all overtime wages; (3) Failure to provide meal periods; (4) Failure to provide rest breaks; (5) Failure to timely pay final wages; (6) Failure to provide accurate itemized wage statements; (7) Unfair and unlawful competition; (8) penalties under the Private Attorneys General Act ("PAGA"). (*Hamilton,* Dkt. No. 69.) In April 2019, a jury trial was held and judgment was entered in favor of Plaintiffs on the meal break claim and in favor of Defendants on the overtime claim, the waiting time penalties claim, and the wage statement claim. (Dkt. No. 323.) Post-trial litigation is ongoing before the Ninth Circuit. *See Hamilton, et al. v. Wal-Mart Stores, Inc., et al.,* Nos. 19-56161; 20-55223 (9th Cir. 2020).

      **B.**    **The *Ortiz* Action**

Like *Hamilton,* the crux of the *Ortiz* action involves Walmart's alleged Labor Code violations at its Chino Fulfillment Center. (*See generally* Dkt. No. 1, Exh. A.) Plaintiffs allege that Defendants failed to: provide 30-minute meal periods; pay minimum wages or for time spent undergoing security and/or bag checks prior to leaving for rest periods; and provide a third rest period when Plaintiffs worked shifts in excess of ten (10) hours. (*Id.* at ¶¶ 28-29, 33-34, 64.) Plaintiffs assert seven (7) causes of action: (1) Failure to pay wages for all hours of work at the legal minimum wage rate; (2) Failure to pay all overtime wages; (3) Failure to authorize or permit meal periods; (4) Failure to provide required rest periods; (5) Failure to pay all wages timely upon separation of employment; (6) Failure to provide complete and accurate wage statements; and (7) Unfair competition. (*Id.* at 1-2.) Plaintiffs sued three Defendants: Walmart, Inc., Wal-Mart Associates, Inc., and Walmart Fulfillment Center. (*Id.* at 1.)

**IV.  THE FIRST-TO-FILE RULE APPLIES**

The first-to-file rule is a general rule of comity that "permits a district court to

decline jurisdiction over an action when a complaint involving the same parties and issues" already exists. *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95-95 (9th Cir. 1982). The doctrine allows district courts flexibility to dismiss, stay, or transfer a case to avoid duplicative litigation and to conserve judicial resources. *Landscape Specialists, Inc., v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, Case No. SACV 19-1419 JVS (KESx), 2020 WL 968693, at *1 (C.D. Cal. Jan. 8, 2020). Courts have held that this rule still applies where overlapping actions are in the same district and before the same judge. *See Gatlin v. United Parcel Serv., Inc.,* Case No. 2:18-CV-03135-SVW-AS, 2018 WL 10161198, at *4 (C.D. Cal. Aug. 23, 2018); *Arakelian v. Mercedes-Benz USA, LLC,* Case No. CV 17-06240 TJH (RAOx), 2018 WL 6422649, at *1 (C.D. Cal. June 4, 2018) (applying first-to-file rule where both class actions were pending before the same judge); *Blanchard Training & Dev. v. Leadership Studies, Inc.,* Case No. 15CV2142 WQH (KSC), 2016 WL 773227, at *4 (S.D. Cal. Feb. 29, 2016) (applying rule and dismissing second action where the cases were pending before the same judge).

The Ninth Circuit has affirmed that this rule seeks to promote judicial efficiency and "should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). Unless there are "compelling circumstances" that justify disregarding this doctrine, the parties in the first-filed case "should be permitted to proceed without concern about a conflicting order being issued in the later-filed action." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. Mar. 16, 1998).

For the first-to-file doctrine to apply, the moving party must show that the following factors are satisfied: (1) the current action was filed *after* the action to which it is similar; (2) the parties are substantially similar; and (3) the actions involve substantially similar issues. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625

(9th Cir. 1991). The parties and actions do not have to be identical, but rather they must be substantially similar. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.,* 787 F.3d 1237, 1240 (9th Cir. 2015); *see also Guthy-Renker Fitness,* 179 F.R.D. at 270 (analyzing the parties and issues for "sufficient similarity").

### A. The *Hamilton* action was filed first.

In determining chronology, "courts should consider applying the [first-filed] rule where the instant action was filed later in time." *Retina Assoc. Med. Grp., Inc. v. Olson Research Grp., Inc.,* Case No. SA CV 18-1997-DOC-KES, 2019 WL 3240110, at *2 (C.D. Cal. Mar. 20, 2019). Here, the *Hamilton* action was indisputably filed first in state court on June 13, 2017 and, on July 14, 2017, it was removed to federal court. (Case No. 5:17-cv-01415-AB-KK, Dkt. No. 1.) Almost three years later, on March 16, 2020, Plaintiffs filed the instant action in state court and it was removed to federal court on June 8, 2020. (Dkt. No. 1.) Thus, because the *Ortiz* matter is the later-filed action, this factor weighs in favor of transfer under the first-to-file rule.

### B. The parties in both actions are substantially similar.

The parties need not have exact identity to warrant a stay, transfer, or dismissal, as the first-to-file rule only requires substantial similarity. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.,* 787 F.3d 1237, 1240 (9th Cir. 2015). Substantial similarity is "satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Mack v. Amazon.com, Inc.*, Case No. CV1702515ABRAOX, 2017 WL 8220436, at *2 (C.D. Cal. Sept. 19, 2017). Like here, where the cases involve class actions, "the classes, and not the class representatives, are compared." *Id.* at *2; *Arakelian v. Mercedes-Benz USA, LLC,* Case No. CV1706240TJHRAOX, 2018 WL 6422649, at *1 (C.D. Cal. June 4, 2018).

The parties in *Hamilton* and *Ortiz*, compared below, are identical with the exception of Defendant Walmart Fulfillment Center.

| Parties in *Hamilton* | Parties in *Ortiz* |

|  |  |  |
|---|---|---|
| Plaintiffs | • Subclasses for non-exempt employees related to overtime, meal period, rest period, wage statement, and waiting time claims<br>• Minimum wage subclass | • Subclasses for non-exempt employees related to overtime, meal period, rest period, wage statement, and waiting time claims<br>• Minimum wage subclass |
| Defendants | • Wal-Mart Stores, Inc.<br>• Wal-Mart Associates, Inc. | • Walmart, Inc. (formerly Wal-Mart Stores, Inc.)<br>• Wal-Mart Associates, Inc.<br>• Walmart Fulfillment Center |

(*Compare Hamilton v. Wal-Mart Stores, Inc., et al.,* Case No. 5:17-cv-01415-AB-KK, Dkt. No. 69 (First Amended Complaint) *with Ortiz v. Walmart, Inc., et al.,* Cas No. 2:20-cv-05052-AB-KK, Dkt. No. 1, Exh. A (Complaint).)

       Plaintiffs' argument that the parties are not substantially similar due to Walmart Fulfillment Center's addition in the present action is unavailing. (Dkt. No. 15 at 9-10.) The addition of one new Defendant—regardless of whether Walmart Fulfillment Center is a proper defendant—does not destroy substantial similarity nor does Plaintiff cite to *any* case law indicating otherwise. (*See id.* at 8-9.) Indeed, Plaintiffs' argument is contrary to case law: "Merely naming additional defendants in the second-filed action [does] not render the parties too dissimilar to apply the first to file rule." *Hill v. Robert's Am. Gourmet Food, LLC,* Case No. 13-cv-00696-YGR, 2013 WL 3476801, at *4 (N.D. Cal. July 10, 2013); *see also Aqua Connect, Inc. v. SHI Int'l Corp.,* Case No. CV 19-05662-AB (JPR), 2019 WL 8883452, at *3 (C.D. Cal. Dec. 16, 2019) (noting that substantial similarity exists where the parties "represent the same interests").

       Here, the proposed class involves non-exempt employees who are suing Walmart based on alleged violations that occurred at the Chino Fulfillment Center.

6.

Case 2:20-cv-05052-AB-kk   Document 21   Filed 09/18/20   Page 7 of 9   Page ID #:309

The *Hamilton* class involves non-exempt employees who are suing Walmart based on alleged violations that occurred at the Chino Fulfillment Center. Substantial similarity of parties has been shown.

### C. The core issues in both actions are substantially similar.

As a threshold matter, the causes of action in the *Hamilton* and *Ortiz* matter are almost identical, with *Hamilton* being more comprehensive than *Ortiz*:

| Causes of Action in *Hamilton* | Causes of Action in *Ortiz* |
|---|---|
| Failure to pay wages for all hours worked | Failure to pay wages for all hours of work at the legal minimum wage rate |
| Failure to pay all overtime wages | Failure to pay all overtime wages |
| Failure to provide meal periods | Failure to authorize or permit meal periods |
| Failure to provide rest breaks | Failure to provide required rest periods |
| Failure to timely pay final wages | Failure to pay all wages timely upon separation of employment. |
| Failure to provide accurate itemized wage statements | Failure to provide complete and accurate wage statements |
| Unfair and unlawful competition | Unfair competition |
| PAGA (dismissed) | |

(*Compare Hamilton v. Wal-Mart Stores, Inc., et al.*, Case No. 5:17-cv-01415-AB-KK, Dkt. No. 69 (First Amended Complaint) *with Ortiz v. Walmart, Inc., et al.*, Cas No. 2:20-cv-05052-AB-KK, Dkt. No. 1, Exh. A (Complaint).)

Like similarity of parties, the issues need not be identical for this factor to be satisfied. *Inherent.com v. Martindale-Hubble*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). The crux of Plaintiffs' Opposition to the first-to-file rule is that the factual basis for the *Ortiz* matter is dissimilar from that in the *Hamilton* matter. In distinguishing the two cases, Plaintiffs argue that *Ortiz* alleges (1) employees had to

7.

undergo the security check ***prior*** to clocking in; (2) employees had to undergo security checks ***prior*** to leaving for rest periods; and (3) employees were not allowed to take their third rest period when they worked in shifts in excess of ten (10) hours. (Dkt. No. 15 at 8-9.) The Court is not persuaded that these three facts destroy substantial similarity of issues because they all relate to the same legal theories asserted in *Hamilton*: (1) unpaid wages and (2) rest break violations. Plaintiffs' attempt to factually distinguish the two cases based on when the alleged violations occurred does not alter the fact that these two cases are premised on identical causes of action.

Regardless, Plaintiffs' distinctions do not accurately characterize the *Hamilton* action. The *Hamilton* Complaint includes factual allegations of unpaid wages during security checks "when leaving the building during meal periods and at the end of their shift" and "standing in line to clock-in at the end of . . . the meal period." (Case No. 5:17-cv-01415-AB-KK, Dkt. No. 69, ¶¶ 5, 6.) In other words, *Hamilton* also alleges off-the-clock work that occurred while waiting in line prior to clocking in.

As to Plaintiff's assertion that the cases are dissimilar because the *Hamilton* Complaint does not discuss third rest breaks, this is inaccurate. The *Hamilton* Complaint merely states that "Plaintiffs were not provided with 10 minutes of net rest break time for every 4 hours worked, or a major fraction thereof." (*Id.* at ¶ 7.) This assertion implicitly encompasses all shifts, including those which lasted 10 or more hours. Substantial similarity of issues has been satisfied.

## V.  EQUITABLE CONSIDERATIONS WARRANT DISMISSAL

Exceptions to the first-to-file rule include: (1) bad faith; (2) anticipatory suit; (3) forum shopping; and (4) whether convenience factors favor the forum of the second-filed district. *MeridianLink, Inc. v. DH Holdings, LLC,* Case No. CV 10-2708 ABC (JEMx), 2010 WL 11512182, at *2 (C.D. Cal. June 16, 2010*)* (citing *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 623, 628 (9th Cir. 1991)). The Court finds that no exception applies here. There is no evidence of bad faith, forum shopping, or anticipatory suits on behalf of Defendants.

Two main objectives of the first-to-file rule are (1) "to avoid placing an unnecessary burden on the federal judiciary" and (2) "to avoid the embarrassment of conflicting judgments." *Church of Scientology*, 611 F.2d at 750. Both favor dismissal here. If this action proceeds, there is significant risk of conflicting results and judicial resources will be squandered on duplicative litigation. This case involves the same causes of action, the same Defendants, the same location, the same employees, and the same core issues as in the *Hamilton* action, and the Court sees no reason why two substantially similar matters warrant duplicative litigation. Indeed, "[t]he first-to-file rule was developed to serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (internal citations omitted). Dismissal promotes efficiency here, especially because the *Hamilton* action fully encompasses and provides redress for all allegations in *Ortiz*.

## VI.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion and **DISMISSES** the case **WITHOUT PREJUDICE**. The Scheduling Conference is vacated.

Dated: September 18, 2020

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE